UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ORCHARD,

    Plaintiff,

v.

CITY OF NOVI,

    Defendant.

Case No.
Hon.

---

Charlotte Croson (P56589)
**Croson, Taub, & Michaels, PLLC**
Attorneys for Plaintiff
117 N. First St., Ste 111
Ann Arbor, MI 48104
(734) 519-0873
Fax: (734) 519-0876
ccroson@ctmlawyers.com

Teresa J. Gorman (P61001)
**Teresa J. Gorman PLLC**
Attorneys for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel. 248 763-6943
Fax. 248 689-3268
terigorman@aol.com

---

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, GERALD ORCHARD, by and through his attorneys, CROSON, TAUB, & MICHAELS, and TERESA J. GORMAN PLLC, and for his Complaint against Defendant, CITY OF NOVI, states as follows:

1

## PARTIES

1.  Plaintiff Gerald Orchard is an individual residing in Wayne County, Michigan within the Eastern District of Michigan.

2.  Defendant City of Novi is a municipal corporation that is located in and conducts business in the State of Michigan within the Eastern District of Michigan.

## JURISDICTION AND VENUE

3.  This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

4.  The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The pendant claims are part of the same case or controversy. They do not substantially predominate. They do not raise novel or complex issues. Therefore, exercise of jurisdiction is proper.

5.  Venue is proper in this Court because Defendant obligated itself to Plaintiff within the Eastern District of Michigan, Defendant conducts business within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

## STATEMENT OF FACTS

6.  Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

7. Plaintiff began his employment with Defendant in or about 1996 as a sign technician.

8. Plaintiff was an exemplary employee during his employment with the City.

9. In or about June 2017, Plaintiff was injured on the job when a piece of equipment fell on his right shoulder causing extensive injuries and requiring three surgeries.

10. After Plaintiff's first and second surgeries, he was returned to work with limitations and work restrictions and placed on light duty. He performed all the duties of his position on light duty with the exception of operating the jackhammer.

11. After Plaintiff's third surgery, Plaintiff's doctor placed him on a permanent 25 pound lifting restriction on his right side.

12. Plaintiff attempted to return to work on or about August 30, 2019 with an accommodation of a 25 pound lifting restriction on his right arm.

13. Defendant did not return Plaintiff to work, claiming it had no work within Plaintiff's restrictions.

14. With his requested accommodation, Plaintiff can perform all the duties of his position as a sign technician, with the exception of operating the jackhammer.

15. Operating the jackhammer is not an essential duty of Plaintiff's position as a sign technician.

16. Operating the jackhammer is a two-person job. One person to opearate the jackhammer and one person to assist. With his requested accommodation, Plaintiff is capable of assisting a jackhammer operator.

17. On or about January 23, 2020, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission alleging a failure to accommodate.

18. Defendant failed and refused, at all times, to provide reasonable accommodations to Plaintiff or return Plaintiff to work.

19. On May 31, 2020, Defendant terminated Plaintiff from his employment without ever providing Plaintiff his requested accommodation or returning him to work.

20. In or about June 2020, Plaintiff timely amended his EEOC Charge to add claims of termination in violation of the Americans with Disabilities Act and retaliation in violation of the Americans with Disabilities Act.

21. Plaintiff received his right to sue letter from the EEOC on or about December 26, 2020 and has filed this complaint within 90 days of receiving the letter.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

22. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

23. Plaintiff has a disability as defined by the Americans with Disabilities Act, to-wit: a physical impairment to his right shoulder which substantially limits one or more of his major life activities, including but not limited to, lifting, recreational activities, and some classes of employment and a record of such physical impairment.

24. Defendant is an employer and Plaintiff is an employee as defined by the Americans with Disabilities Act, 32 U.S.C. § 12111(4)-(5).

25. Plaintiff is a qualified individual with a disability as defined by the ADA. Plaintiff, with or without reasonable accommodation, is able to perform the essential functions of his employment duties with Defendant.

26. Defendant perceived and/or regarded Plaintiff as having a disability. Plaintiff was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C).

27. Defendant discriminated against Plaintiff on account of his real and perceived disability in violation of the ADA, 42 U.S.C. § 12112, by and through their agents, servants, and/or employees, by acts including, but not limited to refusing to allow Plaintiff to return to work and/or constructively discharging Plaintiff and terminating Plaintiff's employment.

28. Defendant's actions in violation of the ADA were willful.

29. As a direct and proximate result of Defendant's violation of the ADA. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

30. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT II
## ADA FAILURE TO ACCOMMODATE

31. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

32. Plaintiff has a disability as defined by the Americans with Disabilities Act, to-wit: a physical impairment to his right shoulder which substantially limits one or more of his major life activities, including but not limited to, lifting, recreational activities, and some classes of employment and a record of such physical impairment.

33. Defendant is an employer and Plaintiff is an employee as defined by the Americans with Disabilities Act, 32 U.S.C. § 12111(4)-(5).

34. Plaintiff is a qualified individual with a disability as defined by the ADA. Plaintiff, with or without reasonable accommodation, is able to perform the essential functions of his employment duties with Defendant.

35. Defendant perceived and/or regarded Plaintiff as having a disability. Plaintiff was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C).

36. Plaintiff requested reasonable accommodations including, but not limited to, a 25 pound lifting restriction on his right arm.

37. Defendant failed to engage in the interactive process regarding Plaintiff's requests for accommodations.

38. Plaintiff's requested accommodation did not impose an undue hardship on Defendant.

39. Defendant refused Plaintiff's request for accommodation, refused to return him to work, and ultimately terminated him.

40. Defendant's actions in violation of the ADA were willful.

41. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

42. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## ADA RETALIATION

43. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

44. At all relevant times, Defendant was a covered entity under the ADA as defined by 42 U.S.C. 12111(2), and Plaintiff was an employee covered by and within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12111(4).

45. Plaintiff engaged in federally protected activity by requesting reasonable accommodations for his disability and by filing an EEOC charge.

46. Defendant was aware of Plaintiff's protected activity and thereafter subjected Plaintiff adverse employment actions including, but not limited to, denying his requests for reasonable accommodations, refusing his return to work with accommodations requested by Plaintiff's physician, constructively discharging Plaintiff, and terminating Plaintiff.

47. Defendant's actions were motivated by unlawful retaliation against Plaintiff due to his protected activity.

48. But for Plaintiff's protected activity, Defendant would not have subjected Plaintiff to such adverse employment actions.

49. Defendant's actions in violation of the ADA were willful.

50. Defendant's actions were taken in reckless disregard of Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

51. As a direct and proximate result of Defendant's actions, Plaintiff has been placedin financial distress and has suffered a loss of earnings and benefits and impairment of his earning capacity and ability to work and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

52. As a further direct and proximate result of Defendant's actions, Plaintiff has suffered emotional and physical distress, physical harm, aggravation of pre-existing disabilities and physical injuries and conditions, mental and physical anguish, loss of reputation, humiliation, and embarrassment, and will so suffer in the future.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF THE PWDCRA

53. Plaintiff incorporates here all previously stated allegations.

54. At all times relevant hereto, Plaintiff was an employee and Defendant was an employer as defined by Michigan's Persons with Disabilities Civil Rights Act.

55. Plaintiff has a disability as defined by Michigan's Persons with Disabilities Civil Rights Act, to wit: a physical impairment to his right shoulder which substantially limits one or more of his major life activities, including but not limited to, lifting, recreational activities, and some classes of employment and a record of such physical impairment.

56. Defendant perceived and/or regarded Plaintiff as having a physical disability. Plaintiff was therefore regarded as having a disability under MCL § 37.1103(d)(ii).

57. Defendant discriminated against Plaintiff on account of his real and perceived disability in violation of PWDCRA, MCL § 37.1102(1), by and through their agents, servants, and/or employees, by acts including, but not limited to refusing to allow Plaintiff to return to work and/or constructively discharging Plaintiff and terminating Plaintiff's employment.

58. As a direct and proximate result of Defendant's violation of the PWDCRA, as aforestated, Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and

embarrassment and the physical effects associated therewith, and will so suffer in the future.

59. As a further direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT V
## PWDCRA FAILURE TO ACCOMODATE

60. Plaintiff incorporates here all previously stated allegations.

61. At all times relevant hereto, Plaintiff was an employee and Defendantw as an employer as defined by Michigan's Persons with Disabilities Civil Rights Act. Plaintiff has a disability as defined by Michigan's Persons with Disabilities Civil Rights Act, to wit: a physical impairment to his right shoulder which substantially limits one or more of his major life activities, including but not limited to, lifting, recreational activities, and some classes of employment and a record of such physical impairment.

62. Defendant perceived and/or regarded Plaintiff as having a physical disability. Plaintiff was therefore regarded as having a disability under MCL § 37.1103(d)(ii).

11

63. Plaintiff requested reasonable accommodations including, but not limited to, a 25 pound lifting restriction on his right arm.

64. Defendant failed to engage in the interactive process regarding Plaintiff's accommodation.

65. Plaintiff's requested accommodation did not impose an undue hardship on Defendant.

66. Defendant refused Plaintiff's request for accommodation, refused to return him to work, and ultimately terminated him.

67. As a direct and proximate result of Defendant's violation of the PWDCRA, as aforestated, Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

68. As a further direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT VI
## PWDCRA RETALIATION

69. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

70. At all relevant times, Defendant was an employer as defined by M.C.L. S37.1201(b), and Plaintiff was an employee covered by and within the meaning of the Persons with Disabilities Civil Rights Act, M.C.L. § 37.1201(a).

71. Plaintiff engaged in protected activity by requesting reasonable accommodations for his disability.

72. Defendant was aware of Plaintiff's protected activity and thereafter subjected Plaintiff adverse employment actions including, but not limited to, denying his requests for reasonable accommodations, refusing his return to work with accommodations requested by Plaintiff's physician's and Defendant's own doctors, subjecting Plaintiff to unwarranted discipline, requiring him to work without accommodations resulting in further injury and disability, and/or constructively discharging him.

73. Defendant's actions were motivated by unlawful retaliation against Plaintiff due to his protected activity.

74. But for Plaintiff's protected activity, Defendant would not have subjected Plaintiff to such adverse employment actions.

75. Defendant's actions in violation of the PWDCRA were willful.

76. As a direct and proximate result of Defendant's actions, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and impairment of his earning capacity and ability to work and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

77. As a further direct and proximate result of Defendant's actions, Plaintiff has suffered emotional and physical distress, physical harm, aggravation of pre-existing disabilities and physical injuries and conditions, mental and physical anguish, loss of reputation, humiliation, and embarrassment, and will so suffer in the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, GERALD ORCHARD, requests that the Court enter the following relief:

a. back pay, liquidated damages in the amount of back pay plus interest, reinstatement, front pay, back and front benefits;

b. compensatory damages and exemplary damages, including pain and suffering and other emotional damages, and punitive damages;

c. an injunction prohibiting Defendant from further violations of the law as described here;

d. attorney's fees, costs, and interest; and

e. any other relief to which Plaintiff may be entitled.

                                        Respectfully Submitted,

                                        CROSON, TAUB, & MICHAELS, PLLC
*/s/ Charlotte Croson*
Charlotte Croson (P56589)
Attorneys for Plaintiff
117 N. First St. Suite 111
Ann Arbor, MI 48104
(734) 519-0873
ccroson@ctmlawyers.com

Dated: March 19, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GERALD ORCHARD,

          Plaintiff,

v.

CITY OF NOVI,

          Defendant.

Case No.

Hon.

---

Charlotte Croson (P56589)
**Croson, Taub, & Michaels, PLLC**
Attorneys for Plaintiff
117 N. First St., Ste 111
Ann Arbor, MI 48104
(734) 519-0873
Fax: (734) 519-0876
ccroson@ctmlawyers.com

Teresa J. Gorman (P61001)
**Teresa J. Gorman PLLC**
Attorneys for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel. 248 763-6943
Fax. 248 689-3268
terigorman@aol.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, GERALD ORCHARD, by and through his attorneys, CROSON, TAUB, & MICHAELS, PLLC and TERESA J. GORMAN PLLC and hereby demands for a trial by jury, for all issues so triable.

                                                Respectfully Submitted,

                                                CROSON, TAUB, & MICHAELS, PLLC
*/s/ Charlotte Croson*
Charlotte Croson (P56589)
Attorneys for Plaintiff
117 N. First St. Suite 111
Ann Arbor, MI 48104
(734) 519-0873
ccroson@ctmlawyers.com

Dated: March 19, 2021